IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CRUZ, | : | CIVIL ACTION NO. **1:CV-08-0829** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On May 5, 2008, Petitioner, David Cruz, an inmate at the United States Penitentiary at Allenwood ("USP-Allenwood") at White Deer, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1).[1] Petitioner paid the requisite filing fee. (Doc. 6). Petitioner also filed a lengthy 32-page typed Memorandum along with attached Exhibits, Exs. 1-9 (Doc. 2). Petitioner's five-page form Habeas Petition had one attached exhibit, namely, a copy of the first five pages of Petitioner's direct appeal brief regarding his Judgment of Conviction ("J&C"), which was filed on his behalf in the Third Circuit Court of Appeals. In his Habeas Petition, Petitioner essentially asserts as the grounds for relief three (3) claims of ineffective assistance of trial counsel. (Doc. 1, pp. 4-5). Petitioner also filed a Motion for Appointment of Counsel. (Doc. 3).[2]

---

[1] Petitioner has incorrectly named the United States as the Respondent. The proper Respondent is the Warden at USP-Allenwood. Thus, Petitioner should have named R. Martinez in his caption as the Respondent herein. (Doc. 1, p. 1). *See* 28 U.S.C. § 2242 and § 2243.

[2] Since we will recommend that Petitioner's Habeas Petition be summarily dismissed under Rule 4, we will also recommend that his Motion for Appointment of Counsel (Doc. 3) be denied as moot.

Petitioner's Habeas Petition has not yet been served on Respondent. The undersigned has been assigned this case for purposes of issuing a Report and Recommendation under 28 U.S.C. § 636(b)(1). We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[3]

## II. Petitioner's Factual Background.

On December 18, 1997, over ten (10) years ago, Petitioner was convicted following a jury trial, of conspiracy to distribute crack cocaine, distribution of crack cocaine, conspiracy to retaliate against government witness, killing with attempt to retaliate, and use of a firearm during a crime of violence in the United States District Court for the District of New Jersey, Case No. 96-CR-730. (Doc. 2, Memorandum, p. ii, Ex. 3 and Doc. 1, p. 3). On March 2, 1998, also over ten (10) years ago, Petitioner states that he was sentenced in the stated case to three concurrent life imprisonment sentences plus a 5- year consecutive prison sentence and a 5- year concurrent prison sentence, along with a $25,000.00 fine. (Doc. 1, p. 3). Petitioner states that he directly appealed his convictions and sentences to the Third Circuit Court of Appeals. The Third Circuit affirmed his judgment of convictions and sentences over nine (9) years ago, on April 14, 1999. (*See* Doc. 2, Ex. 4). Petitioner cites to C.A. No. 98-5170 (3rd Cir. 1998). (Doc. 1, Ex. A and Doc. 2, p. ii). Petitioner states that his Petition for Rehearing and Rehearing *En Banc* was denied by the Third Circuit on May

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

17, 1999. On October 4, 1999, the United States Supreme Court denied Petitioner's Petition for Writ of *Certiorari*.

Petitioner indicates that on December 27, 1999, he filed a motion with the sentencing District Court, pursuant to 28 U.S.C. § 2255, and on June 20, 2000, the sentencing District Court denied his § 2255 motion. Petitioner states that the District Court refused to issue a Certificate of Appealability ("COA"). (Doc. 2, p. ii and Ex. 3).[4]

Petitioner then states that on July 12, 2000, he filed a Notice of appeal with the Third Circuit regarding the District Court's Opinion denying his Motion pursuant to 28 U.S.C. § 2255 and a Motion for COA. Petitioner states that his Motion was denied on April 6, 20001. Petitioner's Motion for Rehearing with the Third Circuit was denied on July 5, 2001. Petitioner's Petition for Writ of *Certiorari* was denied by the United States Supreme Court on October 1, 2001. (Doc. 2, p. ii).

Petitioner then filed a Petition for Writ of Error Coram Nobis with the New Jersey District Court on October 9, 2001. A Petition for Writ of Error Coram Nobis seeks relief under The All Writs Act, or 28 U.S.C. § 1651[5], which authorizes federal courts to grant the common law writ of error coram nobis. *See Fleming v. United States,* 146 F.3d 88, 89 (2d Cir.1998) (citing *United States v. Morgan,* 346 U.S. 502 (1954)). "Coram nobis is essentially a remedy of last resort for petitioners

---

[4]The June 20, 2000 Opinion of the District Court which denied Petitioner's Motion pursuant to 28 U.S.C. § 2255 also details the full background of Petitioner's criminal case. Doc. 2, Ex. 3.

[5]*See Bernardi v. U.S.*, 171 Fed. Appx. 387 (3d Cir. 2006), "petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651."

who are no longer in custody pursuant to a criminal conviction and, therefore, cannot pursue direct review of collateral relief by means of a writ of habeas corpus." *Id*. at 89-90.  This Petition for Writ of Error Coram Nobis was denied on January 9, 2002. (*Id*.).  The Third Circuit affirmed the District Court's decision on December 13, 2002, and denied his Petition for Rehearing *En Banc* on January 15, 2003.  Petitioner's Petition for Writ of *Certiorari* was denied by the United States Supreme Court on March 24, 2003.  (Doc. 2, p. iii).

Petitioner then concludes his procedural background as follows:

> Cruz filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (§ 2241) in the U.S. District Court for the Central District of California on June 15, 2005.  A Report and Recommendation was issued b a Magistrate Judge that recommended dismissal of the petition without prejudice.  By Order dated October 24, 2006, the District Court adopted the Report and Recommendation.
>
> The U.S. Court of Appeals for the Ninth Circuit improperly remanded the cause to the District Court for the limited purpose of determining whether a COA would issue.  The District Court denied the COA on March 3, 2006.  Cruz then filed a Motion for a COA with the Ninth Circuit on April 20, 2006.  The Motion for a COA was denied on July 25, 2006.
>
> On September 8, 2006, a timely Petition for Rehearing En Banc was not allowed to be filed with the Ninth Circuit. A Petition for Writ of Certiorari was denied by the Supreme Court on December 11th, 2006.

(Doc. 2, p. iii).[6]

---

[6]Since Petitioner states that his first § 2241 habeas petition was dismissed without prejudice, his present Habeas Petition would not be deemed as a successive Petition.

**III.  Claims of Habeas Petition.**

Petitioner filed his present untimely Habeas Petition on May 5, 2008, pursuant to § 2241, with this Court well over ten (10) years after his federal convictions and sentences.  Petitioner raises three claims of ineffective assistance with respect to his 1997 trial counsel and contends that § 2255 is inadequate or ineffective to challenge the legality of his current confinement.  Petitioner states that § 2255 is inadequate or ineffective because he was deprived a full hearing and fair adjudication of his claims by the New Jersey District Court when it considered his § 2255 motion.  (Doc. 2, p. 1).  Petitioner states that while he argued in his 1999 § 2255 motion that his trial counsel was ineffective, he was not given a reasonable opportunity to have his actual claims adjudicated on their merits.  (*Id.*, p. 6).  Petitioner states that he can now demonstrate that he is actually innocent of his convicted crimes.  Petitioner states that the District Court in his § 2255 proceeding mischaracterized his claims (*Id.*, p. 12) and that the Court never adjudicated the actual merits of his claims.  (*Id.*, p. 15).

Petitioner now asserts that his trial counsel was ineffective for his failure to move to suppress the unduly suggestive out-of-court identification of a witness that was the only evidence linking him to the murder for which he was convicted.  (*Id.*, p. 7).  Petitioner states that his trial counsel should have renewed his pre-trial Motion to Suppress the photo used to identify him.  (*Id.*, p. 17).  Third, Petitioner claims that this trial counsel failed to investigate, interview and call crime scene eyewitnesses to testify on his behalf at his 1999 trial.  (*Id.*, p. 22).

As Petitioner states, and as his Ex. 3, Doc. 2, shows, Petitioner raised his present three ineffective assistance of trial counsel claims in his § 2255 Motion he filed with the New Jersey

District Court in 1999. The District Court considered these claims of Petitioner in its June 20, 2000 Opinion. (Doc. 2, Ex. 3, pp. 4-12). After the District Court denied his § 2255 motion, Petitioner filed a Notice of Appeal with the Third Circuit regarding the District Court's Opinion denying his Motion pursuant to 28 U.S.C. § 2255 and a Motion for COA. Petitioner's appeal was denied. Petitioner then filed a Motion for Rehearing with the Third Circuit and a Petition for Writ of *Certiorari* with the United States Supreme Court.

Simply because Petitioner was unsuccessful with his § 2255 motion with respect to his ineffective assistance of trial counsel claims does not render this vehicle as inadequate or ineffective to test the legality of his detention.

As relief, Petitioner seeks this Court to vacate his "entire Judgment of Conviction" of the New Jersey District. (Doc. 1, p. 5).

Petitioner does not state, and his exhibits do not indicate, if he filed a second § 2255 motion with sentencing District Court, District of New Jersey, or if he filed a request with the Third Circuit to file a second § 2255, *i.e.* a motion to obtain authorization, pursuant to 28 U.S.C. § 2244(b)(3)(A), from the Third Circuit to file a second § 2255 motion.

**IV. Discussion.**

Petitioner clearly knew of his ineffective assistance of trial counsel claims at the time he filed his motion with the New Jersey District Court under § 2255. (Doc. 2, Ex. 3). Petitioner now claims that because he has no other avenue of relief with respect to his actual innocence claim, he should be permitted to file his present Habeas Petition as this is his only available remedy. (Doc. 2, pp. 1-2). Petitioner cites to *U.S. v. Brooks*, 230 F. 3d 643 (3d Cir. 2000), on rehearing, 245 F. 3d 291

(3d Cir. 2001) (Doc. 2, p. 2), and contends that this case supports his position that if he did not get a full hearing and fair adjudication of his ineffective counsel claims with respect to his § 2255 motion by the New Jersey District Court, he is entitled to file a habeas corpus petition since § 2255 was not adequate.[7] Petitioner states that the New Jersey District Court failed to give him an evidentiary hearing with respect to his § 2255 Motion, that the District Court recharacterized and misconstrued his claims, and that the District Court never adjudicated the merits of his actual claims. (Doc. 2, p. 2). We find that the New Jersey District Court, almost 8 years ago, did give Petitioner a full and fair adjudication of his ineffective counsel claims. (Doc. 2, Ex. 3). We disagree with Petitioner that he did not get a full and fair adjudication of his ineffective counsel claims with respect to his § 2255 motion by the New Jersey District Court. In any event, we find that Petitioner's recourse was to file a request with the Third Circuit to file a second § 2255, *i.e.* a motion to obtain authorization, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a second § 2255 motion.

Petitioner now seeks to challenge his over 10-year-old life sentence by claiming that § 2255 is inadequate since the sentencing court did not give him a full hearing and fair adjudication of his ineffective counsel claims with respect to his § 2255 motion. Petitioner indicates that § 2241 is his only recourse since he has already filed a § 2255 motion with the sentencing court which was denied and since he can show that he was deprived a full and fair opportunity to test the legality of his detention in his § 2255 proceeding. (Doc. 2, cover page).

---

[7]On rehearing, the Third Circuit found that inmate "Brooks had a full and fair opportunity to test the legality of his detention in the § 2255 proceeding in the [Middle District of Pennsylvania] District Court... ." 245 F. 3d at 292-93.

We find that Petitioner has not shown that § 2255 is inadequate and that he should file a request to file a successive § 2255 motion with the Third Circuit. Petitioner also states that a habeas petition is the proper remedy for his claim that he is actually innocent since the witnesses to Santiago's killing did not identify him as the killer and no evidence linked him to the crime scene. (Doc. 2, p. iv). Petitioner challenged his trial counsel's conduct with respect to his identification in his § 2255 motion and the District Court considered this claim. (Doc. 2, Ex. 3, pp. 11-13). To the extent that Petitioner now claims that the District Court did not fully consider his claim regarding his identification as the perpetrator of the murder, Petitioner was clearly aware of this alleged failure by the District Court in June 2000 when the District Court issued its Opinion (Doc. 2, Ex. 3). Since this information was available to Petitioner almost ten years ago, he could have filed a § 2244 motion with the Third Circuit at that time for permission to file a successive § 2255 motion, in order to assert his contention that the District Court mischaracterized his ineffective assistance of trial counsel claims and to assert his contention that the District Court did not give him a full and fair adjudication of these claims.

Petitioner filed the present Habeas Petition pursuant to 28 U.S.C. §2241, over ten years after his J&C, arguing that he was not given a full and fair opportunity to test the legality of his detention with respect to his December 1999 § 2255 Motion which he filed with the New Jersey District Court. We find that § 2255 is an adequate and effective remedy for Petitioner to present his instant claims. As stated, Petitioner has indicated that he has tried to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective. We also find that Petitioner knew of his stated claims that the District Court mischaracterzied and misconstrued his ineffective assistance of trial

8

counsel claims in June 2000 (Doc. 2, Ex. 3) when the District Court ruled on his § 2255 motion. At that time, Petitioner could have filed a § 2244 motion with the Third Circuit for permission to file a second § 2255 motion with the sentencing district court. Thus, we also find that Petitioner cannot circumvent the one year statute of limitations for a § 2255 motion by filing a § 2241 habeas petition. *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 539 (3d Cir. 2002)("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.")(Internal citations omitted).

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious Constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

In *Salas v. Hogsten*, 2006 WL 2860406, *1-*2 (M.D. Pa.), this Court stated:

> "Title 28 U.S.C. § 2255 is the federal equivalent of writ of habeas corpus. It explicitly requires a federal prisoner's request for collateral review of a conviction or sentence to be brought by motion under this section § 2255. Under § 2255, the only way a federal prisoner can bring a habeas corpus petition under § 2241 is if a § 2255 motion would be "inadequate or ineffective."

The *Salas* Court further stated:

> "Section 2255 is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 motion from affording him a full hearing and adjudication of his wrongful detention claim. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2000)."

As the *Salas* Court concluded, "[w]hile Petitioner is likely displeased with the denial of his prior § 2255 motion [in which he raised his ineffective assistance of trial counsel claims], he cannot circumvent § 2255's requirement by simply filing a habeas Petition under § 2241 [almost 10 years after his § 2255 motion was denied]."

Petitioner Cruz does not show that his § 2255 motion he filed with the sentencing court over ten years ago raising his ineffective assistance of counsel claims was inadequate or

10

ineffective.  Petitioner does not demonstrate that § 2255 is an inadequate remedy to test the legality of his federal convictions and life sentence.  Petitioner is now trying to collaterally attack his life sentence imposed by the New Jersey District Court over 10 years ago by claiming, without any support, that the New Jersey District Court prevented him from receiving a full hearing and fair adjudication of his claims.  As the Court in *Diaz v. Warden FCI Fairton*, 40 Fed. 665, 666 (3d Cir. 2002) (Non-Precedential), stated "§ 2241 is not an available alternate for collaterally attacking a federal criminal sentence.  Pursuant to 28 U.S.C. § 2255, such a post-sentencing challenge must be presented by motion to the sentencing court, and a non-sentencing district court has no jurisdictional authority to consider it."  Petitioner Diaz claimed, in part, that his Sixth Amendment right to effective counsel was deprived and that his Sixth Amendment right to fair notice of the charges against him was violated.  The *Diaz* Court stated:

> Diaz relies on *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), but it is clear under *Dorsainvil* that § 2255 is not rendered inadequate or ineffective simply because a prisoner missed the chance to raise an argument that could have been raised but was not, or was unsuccessful in raising the argument. *Dorsainvil* recognizes a highly limited exception to the barriers erected by the AEDPA, which arose in that case in the "uncommon situation" of an inmate who, by reason of those barriers, never had an opportunity to challenge his conviction in light of the Supreme Court's subsequent decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which determined that the offense for which *Dorsainvil* had been convicted and sentenced was not an offense at all.
>
> That exception is not applicable here. Diaz failed to demonstrate the manner in which § 2255 was or could be considered inadequate or ineffective to test his continued detention. [FN2] He plaintively laments the failures of his prior counsel. But the asserted failure of counsel to brief one or more sentencing issues on direct appeal does not render § 2255 inadequate.
>
> FN2.  Moreover, Diaz has not made out a case for actual innocence.

11

*Id*.

As stated, we do not find that our Petitioner has made out a claim for actual innocence based solely upon his claim that there was not sufficient evidence at his trial linking him to the murder scene and that there was not a proper identification of him as the perpetrator. It appears from Petitioner's own exhibits that the New Jersey District Court did fully and fairly consider Petitioner's ineffective assistance of trial counsel claims almost ten years ago (Doc. 2, Ex. 3), and that if Petitioner felt the District Court misconstrued any of his claims, he should have filed a §2244 motion with the Third Circuit for permission to file a second § 2255 motion. Moreover, Petitioner filed a Notice of Appeal with the Third Circuit as well as a Motion for a COA with respect to the District Court's denial of his § 2255 Motion, and the Third Circuit denied his motions in April 2001. (Doc. 2, p. ii). Petitioner again could have raised his claim that the District Court misconstrued his ineffective trial counsel claims when he filed his Petition for Writ of Coram Nobis with the New Jersey District Court in October 2001. This Petition was denied by the District Court, and the Third Circuit affirmed the denial of it in December 2002. (Doc. 2, pp. ii-iii).

Further, we do not find Petitioner has established a claim of actual innocence. Petitioner's exhibits, in particular his Ex. 4, Doc. 2, which is a copy of a portion of the Third Circuit's April 1999 decision affirming Petitioner's J&C, show that the identifications of Petitioner used at his trial were properly admitted into evidence and that there was sufficient evidence to link Petitioner to the murder of Santiago. As the Third Circuit stated in its April 1999 decision:

> [T]he jury would almost certainly have concluded that it was Cruz
> who came to Toledo's house in any event, because Agamez
> identified Cruz by name and from his photograph. Millet and Padilla
> had both seen Cruz dressed in clothes resembling both those of the
> man who came to Agamez and Toledo's door and those of
> the man who shot Santiago. Furthermore, the other evidence that
> Cruz killed Santiago was overwhelming. Cruz had a motive to
> kill Santiago, threatened to do so, took steps to find him, and owned
> the type of weapon with which Santiago was killed. The Cruz jury
> heard the incriminating statements Cruz made when questioned
> by the DEA. That he was with Toledo shortly before the killings
> dressed in black was just corroborating evidence of his guilt.
> Although the Feliciano jury did not hear Cruz' confessions, they
> heard Padilla's testimony to a separate overt act: Cruz and
> Feliciano's attempt to intimidate him into revealing Santiago's
> location. Although Cruz and Feliciano did not threaten Millet,
> the fact that they tried to locate both Padilla and Santiago through
> Millet corroborated Padilla's story.

(Doc. 2, Ex. 4, p. 18).

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183,

184 (8th Cir. 1966).  The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective.  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ."  *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972).  As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.  The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Clearly, the actual innocence claim Petitioner presents in this Petition, challenging his convictions based on his claim that there was not sufficient evidence linking him to the murder and there was not sufficient evidence identifying him as the perpetrator were already considered by Petitioner's jury at his trial and his  trial counsel's ineffectiveness claims are within the purview of § 2255.

Notwithstanding the fact that Petitioner has  filed one § 2255 motion and he has not requested permission from the Third  Circuit to file a second one, we find that Petitioner's

remedy is to file a § 2244 motion for permission to file a second § 2255 motion, and that he can raise his present claims that he is actually innocent of his convicted offenses and that the District Court misconstrued his claims of ineffective assistance of trial counsel in a § 2255 motion.

Thus, we find that Petitioner's recourse is to seek permission to file a motion under 28 U.S.C. § 2255 with respect to his March 1998 convictions and sentences.   Simply because Petitioner has already filed one § 2255 motion and did not seek authorization to file a second one, and because the one-year statute of limitations for a § 2255 motion may have expired does not render this remedy as inadequate.  *See Green, supra; Sperling, supra*.

With regard to the Petitioner's actual innocence arguments, as discussed, we find that these are clearly issues that are  to be raised in a § 2255 petition, even though Petitioner  has already filed one.  The Petitioner must seek his relief *via* that vehicle.  Even though Petitioner filed a previous § 2255 motion as to his convictions and life sentence, he does  not establish the inadequacy or ineffectiveness of the remedy itself.  S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying

motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

We find that the present Habeas Petition should be dismissed for lack of jurisdiction.  In the case of *Okereke,* 307 F. 3d at 120, the Third Circuit held that the petitioner's case did not fit within the narrow exception of *In re Dorsainvil* on the basis that *Apprendi* was an intervening change in the law that petitioner could not have predicted and used as the ground of a §2255 motion.  The Court further stated that, "[u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id*. at 120-121.

Based upon the well-settled case law in this Circuit, Petitioner's Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Cruz's Habeas Petition be dismissed. (Doc. 1). It is further recommended that Petitioner's Motion for Appointment of Counsel (Doc. 3) be denied as moot.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 3, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CRUZ, | : | CIVIL ACTION NO. **1:CV-08-0829** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **June 3, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

              **s/ Thomas M. Blewitt**
              **THOMAS M. BLEWITT**
              **United States Magistrate Judge**

**Dated: June 3, 2008**