IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID CRUZ**, | CIVIL ACTION NO. 1:08-CV-0829 |
| Petitioner | (Judge Conner) |
| v. | |
| **UNITED STATES OF AMERICA**, | |
| Respondent | |

**ORDER**

AND NOW, this 11th day of July, 2008, upon consideration of the report of the magistrate judge (Doc. 8), to which objections were filed (see Doc. 11), recommending that the petition for writ of habeas corpus[1] (Doc. 1) pursuant to 28 U.S.C. § 2241 be denied, and, following an independent review of the record, it appearing that a petitioner "may proceed under § 2241 only if the remedy provided by [28 U.S.C.] § 2255 is inadequate or ineffective to test the legality of his detention," Ferguson v. Lappin, 230 F. App'x 218, 219 (3d Cir. 2007), and that the "fact that a petitioner has previously been denied relief, cannot meet the requirements for filing a second or successive § 2255 motion, or is unable to comply with § 2255's statute of limitations, is insufficient to justify proceeding under § 2241," id.; see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d. Cir. 2002) (stating that "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is

---

[1] The court notes that petitioner has incorrectly named the United States as the respondent. The proper respondent is the Warden at USP-Allenwood, R. Martinez.

unable to meet the stringent gatekeeping requirements of the amended § 2255"), and the court finding that petitioner's initial § 2255 motion alleging claims of ineffective assistance of counsel was not inadequate or ineffective to adjudicate the claims he now asserts, and that petitioner should have requested permission to file a second § 2255 motion in lieu of the instant action, see Salas v. Hogsten, No. 06-1124, 2006 WL 2860406, *1 (M.D. Pa. Oct. 4, 2006) (stating that a federal prisoner can only bring a habeas corpus petition under § 2241 "if a § 2255 motion would be 'inadequate or ineffective'"), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 8) is ADOPTED.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED

3. Petitioner's motion for appointment of counsel (Doc. 3) is DENIED as moot.

4. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

5. The Clerk of Court is directed to CLOSE this case.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge