# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID CRUZ,** | : | **CIVIL ACTION NO. 1:CV-08-0829** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 26th day of July, 2013, upon consideration of petitioner's motion for relief from void judgment (Doc. 23) pursuant to Federal Rule of Civil Procedure 60(b)(4), alleging that the court's denial (Doc. 13) of his petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 is void on the grounds that the court acted in a manner inconsistent with due process of law by failing to conduct a "full hearing and fair adjudication," (see Doc. 23 at 3), and having established that the court is not required to conduct a hearing on the merits of a habeas petition, 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*") (emphasis added); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Sutcliffe v. Nash, No. 05-2553, 2005 U.S. Dist. LEXIS 20108 at *4-5 (D.N.J. Sept. 1,

2005), and it further appearing that the remainder of petitioner's claims do not state grounds for a void judgment, United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."), but instead assert only that the court erred in rejecting the claims of his original petition, see id. ("A judgment is not void . . . simply because it is or may have been erroneous. Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal") (internal citations omitted), it is hereby ORDERED that the motion (Doc. 23) is DENIED.

                                                           <u>   Christopher C. Conner   </u>
                                                           CHRISTOPHER C. CONNER
                                                           United States District Judge